STATE OF MAINE
Androscoggin, ss.

RECEIVED & FILED

JUL 06 2001

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
Civil Action AP-00-39
Docket No. CV-98-009

HELEN REEVES

        Petitioner,

v.

                                      DECISION AND ORDER

STATE OF MAINE,
SECRETARY OF STATE,
BUREAU OF MOTOR VEHICLES

        Respondent.

## I. BACKGROUND

On May 16, 2000, petitioner, Helene Reeves, who at the time was 88 years of age, was stopped by Auburn police officer Jason Moore after he observed that Ms. Reeves had rolled through a stop sign, had been operating her vehicle across the double yellow line in the center of the road and had failed to put on her signal when making a turn at an intersection. When officer Moore attempted to pull Reeves over by signalling his blue lights, she did not respond initially.

Officer Moore gave two successive series of two short blasts of his siren, but Reeves again did not respond. The petitioner eventually pulled over after the officer turned the siren on full. After officer Moore turned off the siren, but before he could put his cruiser in park, Reeves pulled her car away.

The officer responded by turning his siren on again and Reeves pulled over a second time. As Moore pulled up and shut off his siren, Reeves pulled away for a second time. This cycle continued until officer Moore pulled her over for a fourth

1

time, quickly exited his cruiser and yelled for Reeves to stay put.

When he approached Reeves's car, officer Moore asked her why she kept pulling away. She responded that her car was new and that she thought the alarm was going off. When asked whether she saw him in the rear view mirror, she said that she did, but did not give any other reason for not stopping.

At the time, Reeves did not have any traffic violations on her driving record and officer Moore did not cite her for any traffic violations on that day. Officer Moore, however, drafted a report and faxed it to the Medical Review Board at the Secretary of State's office, requesting that she be retested by the Board. Officer Moore told Reeves that he was sending the report.

That same day, the Department of the Secretary of State Bureau of Motor Vehicles Medical Review Coordinator, Linda French, sent a letter to Reeves stating that Ms. French's office had received information concerning the possibility of a medical condition which might affect her ability to safely operate a motor vehicle. In the letter, Ms. French requested that the petitioner have her primary physician complete a medical questionnaire for review. At the end of the letter, French wrote, "[i]t is possible that a medical restriction may be added to your license. It is also possible that you may be required to submit to a road test."

Dr. Candace Walworth, Reeves's personal physician, completed the questionnaire and informed Bureau of Motor Vehicles that Reeves suffered from high blood pressure, spinal stenosis, and osteoporosis. Dr. Walworth rated all of these conditions as minimally impairing Reeves's ability to operate a motor vehicle,

a rating that did not require that a road evaluation be given pursuant to the Bureau's guidelines.

In addition, Dr. William Holt, Reeves's ophthalmologist, provided information concerning Reeves's visual acuity. His report indicated that her visual acuity was 20/400 for both eyes without glasses and 20/25 in both eyes with her glasses; that she does not have "ocular motility that is apt to produce diplopia or other safety hazard"; and that the only restriction he would place on her is that she wear her corrective lenses.

On June 27, 2000, after receiving the medical information, French sent Reeves a second letter stating "[b]ased on a report from the Auburn Police Department regarding an incident on May 16, 2000, we are requesting that you complete a driver's road evaluation." Upon protest by Reeves, French sent a third letter, this time to Reeves's attorney. In this letter, French stated that "[a]pparently, [Ms.] Reeves did not hear the police sirens and did not notice the blue lights in her mirrors. This indicated to me that she could possibly have had some vision or hearing problems which prompted the request for the medical and vision reports."

At Reeves's request a hearing was held on the Bureau's decision to require her to submit to a road evaluation. At the hearing, officer Moore's police report was submitted as an exhibit. The hearing officer upheld the Bureau's decision to require a road evaluation, finding sufficient legal basis pursuant to 29-A M.R.S.A. § 1309(1) to require Reeves to submit to a road test. Reeves then filed this petition for review of the Bureau's decision.

## II. DISCUSSION

At oral argument, Reeves acknowledged that the Secretary of State (hereinafter "Secretary") has authority to require licensed drivers to submit to a road test pursuant to 29-A M.R.S.A. § 1309(1). That statute provides in pertinent part:

> The Secretary of State, having good cause to believe that a licensed operator is incompetent or otherwise not qualified to be licensed, may require, on at least 5 days written notice, that operator to submit to an examination.

29-A M.R.S.A. § 1309(1).

The issue before the court then is whether the Secretary, after learning that Reeves's medical condition was within acceptable levels, had good cause in this case to believe that Reeves was incompetent or otherwise not qualified to be licensed, within the meaning of § 1309(1).

Reeves contends that because her medical reports did not reveal any medical condition that would substantially impair her ability to drive, the Secretary did not have sufficient cause to require her to submit to an examination based on the report of the officer.

The Secretary contends that it had sufficient cause based on the officer's report to require the test, notwithstanding the fact that Reeves's medical reports did not reveal any major medical problems.

Under the plain language of the statute, the Secretary must have good cause to believe that a driver is "incompetent or otherwise not qualified to be licensed." The statute does not require the Secretary to base its decision only on a doctor's report that reveals that the licensed operator has a serious medical condition that

4

would likely inhibit the operator's ability to safely and effectively operate a motor vehicle. There may be valid non-medical reasons for concluding that the driver is incompetent or othewise not qualified; the operator's driving skills alone might be sufficient. The Secretary is not required to select one basis to require a road test to the exclusion of others.

In this case, the police report stated that Reeves rolled through a stop sign, operated her vehicle across the double yellow line in the middle of the road and failed to put on her signal when making a turn at an intersection. In addition, she failed to stop three times when officer Moore signaled for her stop. This is more than sufficient cause to require to submit to a road test, independent of any medical opinions.

## III. DECISION AND ORDER

The decision of the Secretary of State is affirmed.

This Order to be incorporated into the docket by reference, M.R. Civ. P. 79(a).

DATED: July 5, 2001

Thomas E. Delahanty II
Justice, Maine Superior Court